# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JESSIE HILL                                                                                          PETITIONER

v.                                    NO. 5:13-CV-00015 JLH/HDY

RAY HOBBS, Director of the                                                           RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

## RECOMMENDATION

The record reflects that in September of 1995, petitioner Jessie Hill ("Hill) was convicted in Grant County, Arkansas, Circuit Court of capital murder and sentenced to life imprisonment without parole. His conviction was subsequently affirmed on appeal. See Hill v. State, 325 Ark. 419, 931 S.W.2d 64 (Ark.S.Ct. 1996).

In August of 1997, Hill challenged his 1995 capital murder conviction from Grant County by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. See Hill v. Norris, PB-C-97-384. In December of that year, United States District Judge Billy R. Wilson dismissed the petition, denied all relief, and entered judgment for respondent Larry Norris ("Norris"), who was then Hill's custodian agent.

In March of 2007, Hill challenged his 1995 capital murder conviction from Grant County a second time by filing another petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. See Hill v. Norris, 5:07-CV-00058. In June of that year, Judge Wilson dismissed the petition without prejudice, denied all relief, and entered judgment for Norris. Judge Wilson dismissed the petition because Hill failed to obtain the permission of the Court of Appeals before filing his petition. The dismissal was without prejudice, though, pending an order from the Court of Appeals authorizing the filing of the petition. Judge Wilson thereafter denied Hill's request for a certificate of appealability, and the Court of Appeals denied Hill's "petition for authorization to file a successive habeas application in the district court" in October of 2007, see Document 13, Exhibit 8 at 1.

In January of 2013, Hill challenged his 1995 capital murder conviction from Grant County a third time by filing the petition at bar. See Hill v. Hobbs, 5:13-CV-00015. Although he characterized his petition, in part, as a motion to vacate, set aside, or discharge his conviction, it was and is clearly one pursuant to 28 U.S.C. 2254.[1] Respondent Ray Hobbs ("Hobbs") responded to the petition by filing the pending motion to dismiss. See Document 12. In the motion, Hobbs maintained that the district court is without jurisdiction to consider the petition at bar because Hill failed to obtain the permission of the Court of Appeals before filing his petition. Hobbs supported his assertion by noting that in September of 2012, Hill sought the permission of the Court of Appeals to file a successive habeas corpus petition in the district court. The Court of Appeals denied Hill's request, see Document 18, Exhibit I, but did so after Hill had filed the petition at bar.

The filing of a second or successive petition pursuant to 28 U.S.C. 2254 is governed by 28 U.S.C. 2244(b). It provides, in part, that "[b]efore a second or successive [petition] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]."

---

[1] Specifically, Hill characterized the petition at bar as follows: "5 USCA 552; 18 USCA 924; 28 USCA 2254(f); 18 USCA 16(A)(1); habeas corpus; supplemental brief; motion to vacate, set aside, discharge." See Document 2 at 1. Regardless of how Hill characterized his petition, it is clearly one pursuant to 28 U.S.C. 2254. That statute is the only means by which a person in custody pursuant to the judgment of a state court may challenge the validity of his conviction or sentence. See Singleton v. Norris, 319 F.3d 1018 (8th Cir. 2003).

Hill's petition is clearly a successive petition as he has previously filed two petitions pursuant to 28 U.S.C. 2254 challenging his 1995 capital murder conviction from Grant County. 28 U.S.C. 2244(b) applies to the petition at bar, and the permission of the Court of Appeals is required before the petition can be considered by the district court. Has he obtained the permission of the Court of Appeals to file this petition? Clearly, he has not. He sought the permission of the Court of Appeals, but it was denied.[2] Because he does not have permission to file the petition at bar, it should be dismissed.[3]

The undersigned recommends that Hill's petition be dismissed. All requested relief should be denied, and judgment should be entered for Hobbs. A certification of appealability should also be denied

DATED this   26   day of March, 2013.



UNITED STATES MAGISTRATE JUDGE

---

[2] It is not clear whether the grounds asserted in Hill's request before the Court of Appeals are the same grounds he now raises in the petition at bar. The undersigned need not determine whether the grounds are the same, though, because it is clear he has not obtained the permission of the Court of Appeals to file the petition at bar.

[3] Two concluding points are in order. First, there are exceptions to the rule requiring the permission of the Court of Appeals before a second or successive petition may be filed, e.g., approval is not required when a prior petition is dismissed for failure to exhaust, see Slack v. McDaniel, 529 U.S. 473 (2000); or when a prior petition is dismissed as premature, see Stewart v. Martinez-Villareal, 523 U.S. 637 (1998). The petition at bar does not satisfy any exception to the rule.

Second, in Bates v. Norris, 2006 WL 3741925 (E.D.Ark. December 18, 2006), Judge Wilson chose not to dismiss a petitioner's second or successive petition but instead ordered that the petition be construed as a motion to proceed with a second or successive petition and be transferred to the Court of Appeals. Hill's petition should not be treated likewise, primarily because he was previously notified of his obligation to request and obtain the permission of the Court of Appeals before filing his petition.