IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JESSIE HILL, ADC #104136                                                                    PLAINTIFF

v.                                   NO. 5:13CV00015 JLH

RAY HOBBS, Director,
Arkansas Department of Correction                                                         DEFENDANT

## AMENDED OPINION AND ORDER

In January of 2013, Jessie Hill commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254,[1] attacking Hill's conviction for capital murder in Grant County, Arkansas, for which he is serving a term of life imprisonment without parole.[2] On May 17, 2013, the Court dismissed Hill's petition on the ground that it was a second or successive petition[3] for which he had not obtained permission from the Eighth Circuit as required by 28 U.S.C. § 2244(a)(2). Hill did not appeal.

On May 27, 2014, Hill filed a motion for relief from the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, citing *Martinez v. Ryan*, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013).

In *Martinez*, the Supreme Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar

---

[1] Hill signed his petition on January 2, 2013. It was received by the Clerk of Court on January 15, 2013.

[2] Hill was also convicted of first-degree murder in Ouachita County, Arkansas, and is serving a term of sixty years consecutive to his term of life imprisonment.

[3] Hill previously filed petitions attacking his Grant County conviction, *Hill v. Norris*, No. PB-C-384 and *Hill v. Norris*, No. 5:07CV00058. The Eighth Circuit has denied Hill's applications to file a successive section 2254 petition relating to this conviction.

> a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 132 S. Ct. at 1320.  In *Trevino*, the Supreme Court said, "[W]e conclude that where, as here, [a] state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal, our holding in *Martinez* applies."  133 S. Ct. at 1921.  The holding in *Trevino* applies to Arkansas.  *Sasser v. Hobbs*, 735 F.3d 833, 853 (8th Cir. 2013).  The issue is whether Rule 60(b)(6) provides Hill with an avenue for relief.

"Rule 60(b)(6) authorizes relief from final judgments in extraordinary circumstances." *Kansas Pub. Emps. Ret. Sys. v. Reimer & Koger Assoc.*, 194 F.3d 922, 925 (8th Cir. 1999). "Generally, a change in the law that would have governed the dispute, had the dispute not already been decided, is not by itself an extraordinary circumstance."  *Id*.  *See also Carlson v. Hyundai Motor Co.*, 222 F.3d 1044, 1045 (8th Cir. 2000).

Although the Eighth Circuit has not addressed the issue of whether the change in law announced in *Martinez* and *Trevino* justifies relief under Rule 60(b)(6), the courts that have addressed the issue have concluded the new rule announced in these cases fail to amount to "extraordinary circumstances" warranting relief.  *Cooper v. Bell*, No. 1:03-CV-276, 2014 WL 1366517, at *5 (E.D. Tenn. April 7, 2014) (collecting cases).  *See also Reyes v. Hobbs*, No. 2:01-CV-2015, 2014 WL 1092451, at *4 (W.D. Ark. March 20, 2014) (holding that the "new procedural rule" announced in *Martinez* and *Trevino* "is not the kind of 'extraordinary circumstance' that warrants relief under Rule 60(b).").

Here, Hill's principal claims appear to be that the law enforcement officers and the prosecutor committed misconduct prior to and during the course of his trial, and that fingerprint analysis will show that he is innocent of the crime of which he was convicted. Those claims do not fall within the scope of *Martinez* and *Trevino*. Although Hill raises a claim of ineffective assistance of counsel in his Rule 60(b)(6) motions (Document #31 at 15), that claim is tangential to his larger claims of prosecutorial misconduct and the need for fingerprint analysis. In view of the overwhelming authority holding that the new rule announced in *Martinez* and *Trevino* does not justify relief under Rule 60(b)(6), Hill's motion must be denied.

In his motion for reconsideration, Hill argues that the Court erred when it concluded that his petition was a second or successive petition. If so, Hill's remedy was to file a timely motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a timely notice of appeal. He did neither. An error of law such as Hill alleges is not grounds for relief under Rule 60(b).

## CONCLUSION

Hill's initial habeas petition was dismissed because his claims were procedurally barred and because he could not show cause and prejudice to excuse the procedural bar. For reasons that have been explained, *Martinez* and *Trevino* do not offer relief to him under Rule 60(b).

Jessie Hill's motion for relief from the judgment pursuant to Rule 60(b) is DENIED. Hill's motion to recuse and for reconsideration is DENIED. No certificate of appealability will be issued.

IT IS SO ORDERED this 6th day of June, 2014.

_J. Leon Holmes_
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE